UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ORLANDO EVANS, ET AL | CIVIL ACTION NO. 07-CV-0383 |
| VERSUS | JUDGE HICKS |
| CITY OF HOMER, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Plaintiffs in this civil rights action are surviving relatives of James Modisette, who died while in jail. The named defendants include the Town of Homer and the Claiborne Parish Sheriff's Department. Attorney Charles Jones filed the action on behalf of Plaintiffs. A scheduling conference was held in December 2007, but Mr. Jones did not appear. The court contacted Mr. Jones' office, and an associate in the office advised the court that Mr. Jones wished to withdraw from the case.

Mr. Jones soon filed a Motion to Withdraw (Doc. 23), in which he urged that his tremendous caseload prevented him from providing the required focus needed to litigate a case of this magnitude. Mr. Jones represented that his clients had been informed of his request to withdraw and their need to take immediate steps to retain new counsel. A copy of the motion was mailed to each Plaintiff.

The court granted the Motion to Withdraw on January 4, 2008. Plaintiffs, who were sent a copy of the order, were permitted 30 days to retain new counsel, which the court strongly encouraged them to do. Doc. 24. Near the deadline, at the end of January 2008,

plaintiff Latoya Modisette filed a letter (Doc. 25) in which she stated that she had not received prompt notice of the withdrawal proceedings. She asked for additional time to find new counsel.

The court entered an order (Doc. 26) that afforded each of the Plaintiffs an additional month, until February 29, 2008, to either (1) enroll new counsel or (2) file a written statement that he or she intends to represent himself or herself. The order warned: "Failure of a plaintiff to take one of those steps by February 29, 2008 may result in that plaintiff's claims being dismissed, without further notice, for failure to prosecute."

The deadline, as extended, has passed, but no Plaintiff has filed anything. Plaintiffs have enjoyed approximately two months to enroll new counsel. They were also permitted the simple option of stating their written intent to represent themselves, but they took no action. It is impossible for the court to go forward with the litigation of this death case without participation by Plaintiffs, so dismissal without prejudice for failure to prosecute is appropriate under the circumstances.

Accordingly;

**IT IS RECOMMENDED** that Plaintiffs' civil action be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE